UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TERRENCE MOORLET,

                  Petitioner,              Case No. 2:24-cv-70

v.                                   Honorable Maarten Vermaat

JAMES CORRIGAN,

                  Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the amended petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim.

<u>**Discussion**</u>

## I.     Factual Allegations

Petitioner Terrence Moorlet is incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. He comes to this Court after pleading guilty in the Wayne County Circuit Court to one count of second-degree murder, in violation of Mich. Comp. Laws § 750.317. (Am. Pet., ECF No. 7, PageID.30.) The Wayne County Circuit Court sentenced Petitioner to a prison term of 10 to 40 years.[2] (*Id.*)

On April 5, 2023, Petitioner, through counsel, filed an application for leave to appeal to the Michigan Court of Appeals. *See People v. Moorlet*, No. 365606 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/365606 (last visited June 3, 2024).[3] On May 17, 2023, the Michigan Court of Appeals denied Petitioner's application for leave to appeal for

---

[2] The MDOC's Offender Tracking Information System (OTIS) indicates that Petitioner also pleaded guilty to felony-firearm, second offense, in violation of Mich. Comp. Laws § 750.227b, for which he was sentenced to a prison term of 5 years. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=409220 (last visited June 3, 2024).

[3] The Court's form petition asks the petitioner to attach copies of briefs filed on his or her behalf in the state courts. Petitioner, however, did not do so. The Court, therefore, has reviewed the public docket for Petitioner's appeal to the Michigan Court of Appeals. A court is permitted to "take judicial notice of facts contained in state court documents pertaining to [a petitioner]'s prior conviction so long as those facts can be accurately and readily determined." *United States v. Davy*, 713 F. App'x 439, 444 (6th Cir. 2017) (citing *United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012)).

3

lack of merit in the grounds presented. *See id.* Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On April 30, 2024, the Court received a handwritten federal habeas petition from Petitioner. (ECF No. 1.) In an order (ECF No. 4) entered on May 3, 2024, the Court directed Petitioner to file an amended petition on the proper form. On May 31, 2024, Petitioner filed his amended petition, raising the following ground for relief:

> I.       Violation of my 6th Amendment rights[.] [D]idn't let me go to trial for 2 years.

(Am. Pet., ECF No. 7, PageID.34.) Petitioner indicates that he raised this claim on direct appeal. (*Id.*, PageID.35.)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). As set forth *supra*, although Petitioner asserts that he raised his Sixth Amendment speedy trial claim in the state appellate courts, public dockets reflect that Petitioner did not seek leave to appeal to the Michigan Supreme Court after the court of appeals denied his application for leave to appeal. Thus, even if Petitioner did raise his Sixth Amendment claim before the court of appeals, public records make clear that Petitioner failed to fairly present and exhaust his ground for relief at all levels of Michigan's state appellate system. *See O'Sullivan*, 526 U.S. at 845. Nonetheless, a habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2). The Court, therefore, will consider the merits of Petitioner's claim below.

## III.    AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise

contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## IV.  Discussion

As set forth *supra*, Petitioner's sole ground for relief is that his Sixth Amendment speedy trial rights were violated because the trial court "[did not] let [him] go to trial for 2 years." (Am. Pet., ECF No. 7, PageID.34.) Petitioner, however, did not go to trial. Instead, he pleaded guilty to second-degree murder and felony-firearm.

A criminal defendant is guaranteed the right to a speedy trial under the Sixth Amendment, as well as the Fourteenth Amendment's Due Process Clause. *See Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). By pleading guilty, however, Petitioner waived his right to a speedy trial. An unconditional guilty plea constitutes a defendant's waiver of all pre-plea, non-jurisdictional constitutional challenges. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This waiver includes alleged speedy trial violations. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (concluding that the petitioner's speedy trial claim was waived when the petitioner entered an unconditional *non contendere* plea because the right to a speedy trial is not a jurisdictional issue); *Cranmer v. Chapleau*, No. 95-6508, 1996 WL 465025, at *1 (6th Cir. Aug. 13, 1996) ("By pleading guilty, Cranmer waived his right to assert a violation of his speedy trial right."). Here, Petitioner raises no argument that his plea was not entered knowingly, voluntarily, and intelligently; accordingly, his Sixth Amendment speedy trial claim is foreclosed by his plea. Petitioner simply cannot claim that he was denied a speedy trial when he expressly waived his right to any trial at all.

## V.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of

appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that ... jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claim. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim would be debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although the Court concludes that Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Thus, the Court does not certify that an appeal would not be taken in good faith.

## **Conclusion**

Petitioner has failed to raise a meritorious federal claim in his § 2254 petition. Accordingly, the Court will enter an order and judgment dismissing the petition and denying a certificate of appealability.


Dated:    June 21, 2024                              /s/ *Maarten Vermaat*
                                                    Maarten Vermaat
                                                    United States Magistrate Judge

10